concerns engaged in manufacturing and selling roller buckles are united in the defense of the present suit is some indication that Ballou's type of buckle is one possessing commercial worth.

As bearing upon the question that the Ballou buckle is the result of mere mechanical skill, and likewise on the question of prior use, there is some evidence that in the spring of 1914 a mechanic of Attleboro, Mass., named Spier, at the instance of Joseph Finberg, contrived a buckle essentially similar to that of Ballou. Finberg had been upon a Western commercial trip, and upon his return brought with him such a buckle. Finberg places the date of such return as April, 1914, a month or two before Ballou completed his buckle. The time is fixed by means of a diary which Finberg kept of his various business trips. An examination of such diary, however, reveals the fact that the details of the trip supposed to have been taken in the spring of 1914 are written in a diary issued for the year 1915. I do not mean to suggest that Finberg willfully has made a misstatement of fact; on the contrary, he impressed me as desirous of testifying truthfully. I am none the less of the opinion that he acquired the buckle he gave to Spier, and which was used by the latter as a sample, at a later date than the spring months of 1914, and that in the lapse of time he has confused what he did on such trip with that which transpired upon another occasion. If Finberg purchased the buckle on the trip made in the fall of 1914, it may well have been one of the Ballou buckles, or an infringement thereof, inasmuch as the Ballou buckles went on the market in July, 1914.

A consideration of all the evidence in the case convinces me that it is not sufficient to justify a finding against the present patent, and I decline so to do.

What has been said has reference to claims 1, 3, and 4. As to claim 2, it is my judgment that it should not be sustained. Any contribution therein made to the art of buckle making does not, I think, amount to invention. Without further elaborating upon the subject, it is my thought that the functioning of the disclosures made in claim 2 lacks that new unitary result which I hold characterizes the other claims.

A decree in conformity herewith may go for complainants.

---

### R. BLACKINGTON & CO. v. ADELS.

(Circuit Court of Appeals, Second Circuit. April 3, 1922.)

No. 267.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by R. Blackington & Co., against Moses Adels, trading as M. Adels & Co. From a judgment for plaintiffs (282 Fed. 641), defendant appeals. Affirmed.

Emery, Varney, Blair & Hoguet, of New York City (Robert S. Blair, of New York City, of counsel), for appellant.

Otto Munk, of New York City (George N. Goddard, of Boston, Mass., of counsel), for appellees.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Decree affirmed, with costs.